IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN SCOTT DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-452-WHA-CWB |
| | ) [WO] |
| | ) |
| CHILTON COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, proceeding *pro se* under 42 U.S.C. § 1983, filed this case on August 1, 2022 while incarcerated at the Chilton County Jail in Clanton, Alabama. (Doc. 2). On August 3, 2022, the court entered an Order directing Plaintiff to either remit the required fees or submit an application for *in forma pauperis* status no later than August 17, 2022. (Doc. 3). The Order was sent to Plaintiff via United States mail but was returned as "undeliverable" on August 15, 2022 with a notation that Plaintiff was no longer being held at the Chilton County Jail.

Therefore, by Order dated August 16, 2022, the court directed Plaintiff to file an updated service address by August 30, 2022. (Doc. 4). The August 15, 2022 Order specifically informed Plaintiff that the case could not proceed if his whereabouts remained unknown and that his failure to comply would result in a recommendation that the case be dismissed. (*Id*.). Plaintiff's copy of the Order was returned on August 31, 2022 and likewise was marked as "undeliverable."

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). Such authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v.*

1

*Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that **by September 20, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 6th day of September 2022.

                          /s/ Chad W. Bryan
                          **CHAD W. BRYAN**
                          **UNITED STATES MAGISTRATE JUDGE**